689 A.2d 781

THOMAS GILLILAND, PETITIONER–APPELLANT, v. BOARD OF REVIEW, DEPARTMENT OF LABOR AND INDUSTRY AND RUTGERS, THE STATE UNIVERSITY, RESPONDENTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted February 11, 1996—Decided March 5, 1997.

Before Judges PRESSLER, HUMPHREYS and WECKER.

Appellant filed a *pro se* brief.

*Peter Verniero*, Attorney General, attorney for respondent Board of Review (*Mary C. Jacobson*, Asst. Attorney General, of

counsel; *David Earls Powers,* Senior Deputy Attorney General, on the letter brief).

Respondent Rutgers University did not file a brief.

The opinion of the court was delivered by

WECKER, J.S.C. (temporarily assigned).

Petitioner Thomas Gilliland appeals from a final determination of the Board of Review denying him the benefit of the alternate base year provision of *N.J.S.A.* 43:21–19(c)(2) and thereby limiting his unemployment benefits to the lesser amount calculated upon the base year provided by *N.J.S.A.* 43:21–19(c)(1).

Petitioner was employed as a heating, ventilation and air-conditioning technician at Rutgers University from 1980 until he injured his back in January 1994.[1] It appears that petitioner received workers' compensation benefits for one month and vacation and sick pay until May 25, 1994, when he began to receive disability benefits. His eligibility for disability benefits ended November 25, 1994, when his doctor pronounced him able to return to work, but imposed a 30–pound limit on the weight he could lift. Apparently petitioner's supervisors at Rutgers could not use him in his previous position with the limitation on his weight-lifting ability and equivocated from the end of November until the beginning of March about either finding him alternate work or terminating him. Petitioner's testimony about his communications with Rutgers personnel was somewhat vague; however, he and his wife both testified at the hearing and narrowed the date of his last meeting with a Rutgers supervisor to the first week in March 1995.

For purposes of the unemployment compensation law, *N.J.S.A.* 43:21–1 *et seq.,* and the calculation of benefits thereunder, *N.J.S.A.* 43:21–19(c) (the statute) defines the "base year." Under section (1) of the statute, the base year ordinarily means "the first four of the last five completed calendar quarters immediately preceding

---

[1] Petitioner's disputed workers' compensation suit with respect to his injury is not part of this appeal.

an individual's benefit year."[2]   In 1991 the Legislature recognized an inequity under that definition of the base year and amended the statute to provide an alternate definition of "base year" for individuals who find their jobs no longer available after a period of disability during which they qualified either for disability or workers' compensation benefits.  The Assembly Statement accompanying the amending legislation included the following:

> At present, the base year for determining unemployment compensation benefit eligibility is the first four of the last five full calendar quarters immediately prior to the application for the benefits.  Consequently, an individual who is unable to obtain work after being disabled for a large part of the base year is often prevented from obtaining unemployment benefits, no matter how long the individual was employed before the disability.  This substitute would remedy that situation by insuring that, with respect to unemployment compensation benefits, a worker unable to find work is not penalized for a previous disability.
>
> [Assembly Labor Comm. Statement to Assy. No. 2893, L.1991, c. 486.]

Section (2) of the amended statute applies to individuals such as the petitioner who qualified for disability benefits and found his job unavailable when he was able to return to work.[3]   Section (2) defines the base year as:

> the first four of the last five completed calendar quarters immediately preceding the individual's period of disability, if the employment held by the individual immediately preceding the period of disability is no longer available at the conclusion of that period and the individual files a valid claim for unemployment benefits after the conclusion of that period.

There is no dispute that using the alternate base year would result in petitioner's entitlement to a higher weekly benefit amount and a higher total maximum benefit.  The Appeal Tribunal's factual findings adopted petitioner's testimony, including, *inter alia:*

> After his release [by his doctor], the petitioner contacted officials at the university to ascertain when he could return to work.  He has still, to date, not obtained confirmation that he will, in fact, be allowed to return to work.  In fact, during the

---

[2] The "benefit year" is "the 364 consecutive calendar days beginning with the day on, or as of, which he first files a valid claim for benefits." *N.J.S.A.* 43:21–19(d).

[3] Section (3) provides a similar definition for individuals who qualified for workers' compensation benefits during a period of disability.

first week in March 1995, the petitioner was told, by his former supervisor that there was no guarantee that a position would be made available to him.

A claim for Unemployment Insurance Benefits was filed effective 4/23/95, establishing a base year from 1/1/94 to 12/31/94.... The petitioner requests that the base year be moved to an earlier 12 month period, wherein he would have worked 52 weeks. So doing so [sic] will entitle the petitioner to a larger maximum benefit amount.

Inexplicably, despite those factual findings, the Board adopted the Tribunal's inconsistent determination that

in order to claim benefits under that provision, he was required to apply for them no later than 4 weeks following his release by his doctor. The petitioner needed to have applied for benefits during the first quarter of 1995.

■■■■ Referring to that portion of section (2) requiring the individual returning from a disability leave who seeks to use the alternate base year to "[file] a claim for unemployment benefits *after* the conclusion of that period (emphasis added)," the Board argues on this appeal that the statute requires "that his claim for benefits was filed *at* the end of his period of disability" (emphasis added). The Board cites no authority for concluding that 30 days defines the allowable filing period "at the end of his period of disability," much less that 30 days defines the allowable period "*after* the conclusion of [the disability]" within which an individual can elect the alternate base year. There being no express time limit in the statute itself, it was incumbent upon the Board to infer a reasonable period. *In re Estate of Peters*, 107 *N.J.* 263, 275, 526 *A.*2d 1005 (1987) (where statute prescribing witnessing requirement for a will does not specify any time limit for the witness' signature, "[b]y implication, the statute requires that the signatures of witnesses be affixed to a will within a reasonable period of time from the execution of the will.") We conclude that the 30–day limit [4] imposed by the Board was unreasonable.

---

[4] The *pro se* petitioner does not raise an issue that nevertheless concerns us, that the 30–day time limit the Board imposed upon his attempt to utilize the alternate base year constitutes an attempt at rule-making without following the procedures mandated by the Administrative Procedure Act, *N.J.S.A.* 52:14B–1 *et seq.* See *Metromedia, Inc. v. Director, Div. of Taxation*, 97 *N.J.* 313, 478 A.2d 742 (1984).

Where an agency is charged with enforcing a statute, "courts accord substantial deference to the interpretation given to the statute by the agency...." *Bd. of Ed. of Tp. of Neptune v. Neptune Tp. Ed. Assn.*, 144 *N.J.* 16, 31, 675 *A.*2d 611 (1996). However, an appellate court is not bound by the agency's interpretation. *Mayflower Sec. Co., Inc. v. Bureau of Sec.*, 64 *N.J.* 85, 93, 312 *A.*2d 497 (1973). Deference to agency interpretation of a statute is appropriate as long as that interpretation is reasonable, *In re Musick*, 143 *N.J.* 206, 217, 670 *A.*2d 11 (1996); *L.M. v. State of New Jersey, Div. of Med. Asst. and Health Servs.*, 140 *N.J.* 480, 489–90, 659 *A.*2d 450 (1995); *Metromedia, Inc. v. Director, Div. of Taxation, supra*, 97 *N.J.* at 327, 478 *A.*2d 742; and does not conflict with the express or implied intent of the legislature, *P.F. v. New Jersey Div. of Dev. Disabilities*, 139 *N.J.* 522, 529, 656 *A.*2d 1 (1995); *Kletzkin v. Borough of Spotswood Bd. of Ed.*, 136 *N.J.* 275, 278, 642 *A.*2d 993 (1994).

█ The petitioner offered reasonable explanations for not having filed for unemployment benefits sooner, among those being the expectation that he would soon be reemployed. The Board offers no basis for finding petitioner's explanation unreasonable, nor for treating the five-month delay between his doctor's clearance to work and his filing as a bar to the election of the alternate base year. While "the limited scope of judicial review [of an agency decision] must be borne in mind ...," we are constrained to reverse where there is "a showing that it was arbitrary, capricious or unreasonable...." *Campbell v. Dep't. Of Civil Service*, 39 *N.J.* 556, 562, 189 *A.*2d 712 (1963), *relied upon in Matter of Musick, supra*, 143 *N.J.* at 216, 670 *A.*2d 11. We conclude that the Board's determination that 30 days was the filing deadline, with no explanation or source for that determination, is arbitrary, capricious and unreasonable, particularly in light of the Tribunal's finding that as late as the first week in March 1995, Rutgers had not clearly terminated petitioner's employment. The administrative decision is unsupported by anything in the statute or regulations and is inconsistent with the legislative intent expressed in the

Assembly Statement, *supra,* as well as the rationale of the only published case decided under *N.J.S.A.* 43:21–19(c). *See DiPasquale v. Bd. of Review,* 286 *N.J.Super.* 341, 669 *A.*2d 275 (App.Div. 1996). Clearly *N.J.S.A.* 43:21–19(c), as amended, is a remedial statute, and given the express intent of the legislature and the spirit inferred by *DiPasquale,* should be liberally construed. *See Young v. Schering Corp.,* 141 *N.J.* 16, 25, 660 *A.*2d 1153 (1995); *Kletzkin v. Borough of Spotswood Bd. of Ed., supra,* 136 *N.J.* at 278, 642 *A.*2d 993.

We reverse and remand for entry of an appropriate award consistent with this opinion.