766 A.2d 1200

LINDA WEBER–SMITH, PLAINTIFF–APPELLANT, v. BOARD OF REVIEW, DEPARTMENT OF LABOR AND SOMERSET COUNTY, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted February 6, 2001—Decided February 22, 2001.

Before Judges PRESSLER, CIANCIA and ALLEY.

Appellant filed a pro se brief.

*John J. Farmer, Jr.*, Attorney General, attorney for respondent Board of Review, Department of Labor (*Michael J. Haas*, Assistant Attorney General, of counsel; *Pamela E. Schneider*, Deputy Attorney General, on the brief).

No brief has been filed on behalf of respondent Somerset County.

The opinion of the court was delivered by

CIANCIA, J.A.D.

This is an appeal from a decision of the Board of Review finding Linda Weber Smith ineligible for unemployment benefits because she had been employed by an educational institution and had reasonable assurances that she would be reemployed the following term. We now reverse the denial of benefits upon a determina-

tion that there was no statutory preclusion applicable to appellant on the facts presented.

The Board of Review found Weber Smith ineligible based upon the provisions of *N.J.S.A.* 43:21–4(g)(2). On appeal, the Attorney General's brief states that the correct precluding portion of the statute is actually *N.J.S.A.* 43:21–4(g)(1). For present purposes this discrepancy is not material. The statutory provisions provide in relevant part:

(1) With respect to service performed after December 31, 1977, in an instructional research, or principal administrative capacity for an educational institution, benefits shall not be paid based on such services for any week of unemployment commencing during the period between two successive academic years, or during a similar period between two regular terms, whether or not successive, or during a period of paid sabbatical leave provided for in the individual's contract, to any individual if such individual performs such services in the first of such academic years (or terms) and if there is a contract or a reasonable assurance that such individual will perform services in any such capacity for any educational institution in the second of such academic years or terms;

(2) With respect to weeks of unemployment beginning after September 3, 1982, on the basis of service performed in any other capacity for an educational institution, benefits shall not be paid on the basis of such services to any individual for any week which commences during a period between two successive academic years or terms if such individual performs such services in the first of such academic years or terms and there is a reasonable assurance that such individual will perform such services in the second of such academic years or terms, ....

[*N.J.S.A.* 43:21–4(g)(1) and (2).]

At the telephone hearing conducted by an appeals examiner, the facts were largely undisputed. Weber Smith had been employed by the Somerset County Vocational Board of Education and had worked at the Somerset County Technical Institute since 1988. She had been an adjunct professor, but over the most recent five-year period her status had changed. She became a year-round, part-time employee working twenty to perhaps thirty-four hours a week. She taught computer classes and also served as a "lab administrator." Her non-instructional duties included buying equipment, installing it and advising her supervisors of appropriate upgrades. The Technical Institute has a summer session and Weber Smith worked during the summer terms, with the exception of one month in the summer of 1998. It is unclear from the

record whether she received unemployment benefits for that month.

The present claim concerns the summer of 1999. Weber Smith testified that an academic session ended in early May. She continued to work past that date in her non-instructional capacity. She was scheduled to teach classes starting on June 6 or 7. Shortly before then, she was told the courses were canceled because they were undersubscribed. Her last day of employment was June 4, 1999. She did not have an employment contract as such, but the record certainly supports the agency's determination that at some point during the summer Weber Smith received assurances that employment would be available to her in August or early September. Weber Smith testified that with the exception of that one month during the 1998 summer, "I was working all year around, twenty hours a week, unless the school was closed."

On these facts, the appeals examiner determined Weber Smith was ineligible for benefits:

> The issue before this Tribunal is whether the claimant was between terms. This Tribunal concludes that although the claimant did not have a contract, she did have reasonable assurance that she would be recalled, if needed, to do the same work for the following school term. The aforementioned conclusion is reached because of the claimant's work history with this employer during her eleven (11) years at the school. Therefore, the claimant is ineligible for benefits from 06/06/99 through 09/11/99, in accordance with *N.J.S.A.* 43:21–4(g)(2), as she did have reasonable assurance of reemployment with an educational institution.

The Board of Review affirmed the Appeal Tribunal. It concluded Weber Smith had been given a "full and impartial" hearing and stated that on the "basis of the record below" it agreed with the decision reached by the Appeal Tribunal. It cited no statutory authority and provided no separate analysis of the facts.

In our view the facts of Weber–Smith's employment do not fall within either the letter or the spirit of the legislative prohibitions expressed in *N.J.S.A.* 43:21–4(g)(1) or (2). Weber Smith was a twelve-month, part-time employee. She was not unemployed "between two successive academic years or during a similar period between two regular terms ..." within the meaning of the statute.

She became unemployed during a summer term, having worked summer terms over the prior four or five-year period, with the one-month exception in 1998 previously noted.

The legislative statements relevant to these sections of *N.J.S.A.* 43:21–4 speak in terms of denying benefits "during vacation periods" to individuals employed by educational institutions. *Introductory Statement to S. 3347* (enacted as *L* . 1983, *c.*221). The apparent intent of the law was to address those work circumstances that naturally entail periods of unemployment subsequent to the end of an academic term and prior to the assured renewal of employment at the start of the next academic term. We can find no legislative intent to deny benefits to a claimant such as Weber Smith, who is a twelve-month employee. The assurance of employment in August or September is not determinative on these facts.

It has often been said that the Unemployment Compensation Law is remedial in nature and must be liberally construed in light of its beneficent purposes. *Teichler v. Curtiss–Wright Corp.,* 24 *N.J.* 585, 592, 133 *A.*2d 320 (1957); *Bodnarchuk v. Board of Review,* 309 *N.J.Super.* 399, 403, 707 *A.*2d 201 (App.Div.1998); *Meaney v. Board of Review and Atlas Floral Decorators, Inc.,* 151 *N.J.Super.* 295, 298, 376 *A.*2d 1253 (App.Div.1977). We are satisfied that the legislative intent expressed through the Unemployment Compensation Law is best met by allowing benefits to the claimant in the present case.

The final order of the Board of Review is reversed and the matter is remanded for the award of unemployment benefits consistent with this opinion.